UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **HAROLD ALDERMAN, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 07-1355(RJL) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## DEFENDANTS' MOTION TO LATE FILE ANSWER

Defendants, through counsel, and pursuant to Fed. R. Civ. P. 6(b)(2), move to late file the attached Answer to Complaint. Defendants' internal tracking system did not show service upon the Mayor. In addition, Plaintiffs' documents four and five, filed September 26, 2007, indicate the Mayor was served by mail, and it is unclear who accepted service.

Respectfully submitted,

LINDA SINGER
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2


/s/ *Veronica A. Porter*_____

VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**September 28, 2007**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO LATE FILE ANSWER

1. Fed. R. Civ. P. 6(b)(2).

2. The inherent authority of this Court.

Respectfully submitted,

LINDA SINGER
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**September 28, 2007**

**UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA

_____
                                       :
**HAROLD ALDERMAN, et al.,**           :
                                       :
    **Plaintiffs,**  :
                                       :
    **v.**           :  Civ. Action No. 07-1355(RJL)
                                       :
**DISTRICT OF COLUMBIA, et al.,**      :
                                       :
    **Defendants.** :
_____ :

## **ORDER**

Upon consideration of Defendants' Motion to Late File Answer, any opposition thereto, and the entire record in this proceeding, it is this _____ day of _____ 2007,

**ORDERED,** that Defendants' Motion to Late File Answer is GRANTED; it is

**FURTHER ORDERED,** that Defendants' Answer is filed *nunc pro tunc* to August 27, 2007.

 

_____

UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD ALDERMAN, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 07-1355(RJL) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## DEFENDANT'S ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. This statement is a characterization of the action to which no response is required. If a response is required, then the same is denied.

2. These statements are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

3. Sentence one is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied. Admitted as to sentence two. Sentence three is the pleader's rationale for bringing the action to which no response is required. If a response is required, then the same is denied.

4. Admitted.

5. Admitted as to sentences one and three. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

6. Admitted as to sentences one and three. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

7. These allegations are conclusions of the pleader to which no response is required. If a response is required, then the same are denied.

8. Admitted as to sentence one. Sentence two is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

9. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

10. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

11. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

12. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

13. The July 21, 2006 letter speaks for itself. The remaining allegations are the pleader's interpretation of the letter to which no response is required. If a response is required, then the same are denied.

14. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

15. The October 10, 2006 IEP meeting notes speak for themselves. The remaining allegation is the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same is denied.

16. The November 13, 2006 IEP meeting notes speak for themselves. The remaining allegations are the pleader's recollection of what occurred at the meeting to which no response is required. If a response is required, then the same are denied.

17. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

18. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

19. These allegations are the pleader's recollection of what occurred at a meeting to which no response is required. If a response is required, then the same are denied.

20. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

21. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

22. Admitted that a due process hearing request was filed on January 27, 2007, which speaks for itself. The remaining allegations are the pleader's interpretation of the request to which no response is required. If a response is required, then the same are denied.

23. This statement is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

24. Admitted.

25. The hearing transcript speaks for itself. The remaining allegations are the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same are denied.

26. The hearing transcript speaks for itself. The remaining allegations are the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same are denied.

27. The April 30, 2007 Hearing Officer's Determination ("HOD") speaks for itself. The remaining allegations are the pleader's interpretation of the HOD to which no response is required. If a response is required, then the same are denied.

28. The hearing transcript speaks for itself. The remaining allegation is the pleader's recollection of what occurred at the hearing to which no response is required. If a response is required, then the same is denied.

29. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

30. These allegations are conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

31. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

32. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

33. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

34. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

35. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

36. Defendants lack knowledge and information sufficient to enable them to respond to these allegations at this time.

37. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

38. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

39. In answer to this allegation, Defendants incorporate, by reference, their answers to paragraphs 1-38.

40. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

41. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

42. These allegations are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

43. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District
     of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/ *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**September 28, 2007**