UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAROLD ALDERMAN, et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. Action No. 07-1355(RJL) |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| Defendants. : | |

## DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENTS

Defendants, through counsel, respectfully request that the default judgments entered herein on September 28, 2007, be set aside pursuant to Fed. R. Civ. P. 55(c), because the Complaint herein was not properly served, and Defendants filed an Answer prior to entry of the default judgments in any event. A Memorandum of Points and Authorities in Support of this Motion is attached hereto.

Respectfully submitted,

LINDA SINGER
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**October 3, 2007**

**UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA

_____
:
**HAROLD ALDERMAN, et al.,** :
:
    **Plaintiffs,** :
:
       **v.** : Civ. Action No. 07-1355(RJL)
:
**DISTRICT OF COLUMBIA, et al.,** :
:
    **Defendants.** :
_____:

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENTS

    As will be shown below, the default judgments at issue must be set aside, primarily because service of the complaint herein on the Mayor was never – and has still not been – properly accomplished. Moreover, Defendants filed an answer to the complaint prior to the entry of the default judgments in any event. Defendants have meritorious defenses to the action, and Plaintiffs will not be prejudiced by a grant of this motion.

### INTRODUCTION AND BACKGROUND

    On July 25, 2007, Plaintiffs filed the Complaint in the above-captioned case.

    On September 25, 2007, Plaintiffs filed an "Affidavit in Support of Default" ("Affidavit") (Doc. 3) stating that the Mayor was served a copy of the summons and complaint by certified mail. Attached to the Affidavit was a return receipt showing "delivery" of the documents to the Mayor on August 6, 2007. The signature of the person who accepted service is illegible. On September 26, 2007, Plaintiffs filed a notice of proof of service (Doc. 4) and return of service affidavits (Doc. 5).

On September 28, 2007, at 1:39 p.m., Defendants filed a "Motion to Late File Answer" ("Motion") that included an Answer to the Complaint as an attachment. (Doc. 6).

On September 28, 2007, at 3:22 p.m., the Deputy Clerk entered default judgments against all Defendants (Docs. 8 and 9). The default judgments were entered because the defendants "failed to plead or otherwise defend this action."

## ARGUMENT

**I.** <u>**Applicable Law**</u>

Rule 55(c) of the federal rules of Civil Procedure permits this Court to set aside an "entry of default" upon a showing of "good cause." Good cause exists in two circumstances: (1) where the court that issued the entry of default did not have personal jurisdiction over the defendant, and (2) upon a balancing of equities. Under the latter test, courts specifically weigh the following factors: (a) whether the default was willful, (b) whether setting aside the default will prejudice the opposing party, and (c) whether the defendant has a meritorious defense to the lawsuit. See <u>Jackson v. Beech</u>, 636 F.2d 831, 836 (D.C.Cir. 1980). It is long settled that Fed. R. Civ. P. 55(c) should be given a liberal construction. <u>Barber v. Turberville</u>, 218 F.2d 34, 36 (D.C.Cir. 1954); <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969); <u>Consolidated Gas & Equipment Co. v. Carver</u>, 257 F.2d 111, 114-115 (10th Cir. 1958). Any doubts as to whether relief should be granted from a default are to be resolved in favor of granting such relief. <u>Tolson</u> at 130. As this Court has held, "[I]n deciding whether to set aside a default or default judgment the record must be construed in the light most favorable to the moving party." <u>Asia N.A.M. Eastbound Rate Agreement v. BJI Industries Inc.</u>, 900 F.Supp. 507, 511 (D.D.C. 1995) *supplemented on other gds.*, 923 F.Supp. 4 (D.D.C. 1996), *citing* <u>Jackson v. Beech</u>, 636 F.2d 831 (D.C.Cir. 1980). This is in keeping with the "judicial preference for adjudication on the merits." <u>Oberstar v. Federal</u>

Deposit Insurance Corp., 987 F.2d 494, 504 (8th Cir. 1993). See also Asia N.A.M., 900 F.Supp. at 510.

Furthermore, it should be noted that Fed. R. Civ. P. 55(e) provides that no judgment of default shall be entered against the United States or any Officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the Court. For purposes of this section, the District of Columbia should be afforded the same treatment as the United States since the District of Columbia is the jurisdiction in which this Court sits and the taxpayers of this jurisdiction would, ultimately, bear the responsibility of any default entered against this defendant. Plaintiff has provided no evidence to establish his right to relief, and, for this reason alone, entry of default is unwarranted.

## II. The Default Judgment Should be Set Aside Because the Complaint Was Not Properly Served, and the Time for Answer Had Not Begun to Run.

Under Rule 12(a)(1)(A) , the District has 20 days after proper service on the Mayor to respond to a complaint. In this case, Plaintiffs sought to serve the Mayor by certified mail. However, the return receipt offered to establish service was not signed by the either of the individuals designated by the Mayor to receive legal correspondence, Tabatha Braxton, Arlethia Thompson or Erica Easter. While the signature on the receipt is illegible, it appears that it was someone in the Wilson Building mail room and, as indicated below, it was not entered into the internal tracking system – a procedure followed when the designated individual for service has in fact received such documents.

Service of process on the District by mail is valid only if the mail is signed for by an employee who is specifically designated to receive service of process. See Eldridge v. District of Columbia, 866 A.2d 786, 787-88 (D.C. 2004); Byrd v. District of Columbia, 230 F.R.D. 56, 58-

59 (D.D.C. 2005). As observed by Judge Friedman in Tafler v. District of Columbia, 2006 U.S.Dist.LEXIS 81714, *16-17 (D.D.C. 2006):

> In the case at bar, plaintiff mailed the summons and complaint to the Mayor and Attorney General by certified mail . . . . In both instances, the mail was received and signed for by M. Smith . . . . Under the Attorney General's Office Order 2005-19 issued on June 6, 2005, M. Smith was not designated to receive legal correspondence. Plaintiff's attempted service on the Attorney General is therefore was improper under *Eldridge* and *Byrd*. . . .

Similarly here, the mail service of the complaint on the Mayor was not received or signed for by the individual officially designated to do so. To that extent, service under Rule 4(j) had not be effected, the time for District response to the complaint had not (and still has not) begun to run, and the absence of a District response to the complaint by September 28 provided no valid basis for the entry of default judgments on that date.

### III. The Default Judgments Should be Set Aside Because they were Entered Prematurely.

The deputy clerk entered the default judgments because the defendants "failed to plead or otherwise defend this action." The record clearly shows that Defendants filed their Motion and the attached Answer prior to entry of the default judgments. Obviously, Defendants intended to "defend this action." At the very least, the default judgments should not have been entered until the Court rules on Defendants' Motion.

Accordingly, Defendants respectfully request that this Court set aside the default judgments until the Court rules on Defendants' Motion.

### IV. The Default was not Willful

Mayor Fenty has designated three members of his staff to accept legal correspondence on behalf of the Mayor/District of Columbia. *See Exhibit 1 attached.* Once a staff member receives a civil action, the case name and date of service is entered into an internal tracking system. The

Office of the Attorney General ("OAG") receives notice of the service date via the tracking system, which generally leads to the timely filing of an answer to a complaint.

In this case, however, the Mayor was served via certified mail. Because service was not made upon one of the designated staff members, the case was not entered into the tracking system, and the OAG was not made aware when the answer should have been filed to be considered timely. Indeed, undersigned counsel was not aware of service on the Mayor until Plaintiffs filed the affidavit in support of default. Defendants filed their Answer two days thereafter.

Defendants' actions show that the failure to respond to the Complaint was not willful. Accordingly, the default judgments should be set aside.

## V. **Plaintiffs will not be Prejudiced if the Default Judgments are Set Aside**

The return receipt for the Mayor shows that service was made on August 6, 2007. Consequently, Defendants' Answer should have been filed on August 27, 2007. Defendants filed their Motion with the attached Answer on September 28, 2007. This one month delay will not unduly prejudice Plaintiffs.

## VI. **Defendants have a Meritorious Defense to this Action**

As a general proposition, when a movant submits a meritorious defense, doubt, if any, should be resolved in favor of granting a motion to set aside final or non-final default in order to permit the case to be resolved on its merits. Jackson v. Beech, 636 F.2d 831, 832 (D.C. Cir. 1980); Keegel v. Key West & Caribbean Trading Co. Inc., supra. Defendants included two affirmative defenses in their Answer. A party seeking to vacate a default need not conclusively establish the validity of his defense. Mazilano v. Heckler, 728 F.2d 151, 156 (2nd Cir. 1984); Davis v. Musler, 713 F. 2d 907, 916 (2nd Cir. 1983).

7

Defendants have raised a meritorious defense, which further militates against granting plaintiff the relief he seeks.

## **CONCLUSION**

For the foregoing reasons, Defendants request that their Motion be granted, and the default judgments be set aside.

                    Respectfully submitted,

                    LINDA SINGER
                    Attorney General for the District
                     of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General
                    Civil Litigation Division

                    */s/ Edward P. Taptich*_____
                    EDWARD P. TAPTICH (012914)
                    Chief, Equity Section 2

                    /s/  *Veronica A. Porter*_____
                    VERONICA A. PORTER (412273)
                    Assistant Attorney General
                    441 4th St., N.W., Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-6651
                    (202) 727-3625 (facsimile)
                    veronica2.porter@dc.gov

**October 3, 2007**

**UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **HAROLD ALDERMAN, et al.,** | : |
| **Plaintiffs,** | : |
| v. | : Civ. Action No. 07-1355(RJL) |
| **DISTRICT OF COLUMBIA, et al.,** | : |
| **Defendants.** | : |

## **ORDER**

Upon consideration of Defendants' Motion to Set Aside Default Judgments, any opposition thereto, and the entire record in this proceeding, it is this _____ day of _____, 2007

**ORDERED**, That Defendants' Motion to Set Aside Default Judgments is GRANTED; it is

**FURTHER ORDERED**, That the default judgments against the Defendants are set aside.

_____
UNITED STATES DISTRICT JUDGE

9


## Government of the District of Columbia
Office of the Secretary of the District of Columbia

Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**MEMORANDUM**

**TO:**  Mr. George Valentine
Deputy Attorney General
Civil Litigation Division
Office of the DC Attorney General

**FROM:**  Dr. Stephanie D. Scott
Acting Secretary of the District of Columbia

**DATE:**  January 16, 2007

**SUBJECT:** Designation of Staff to Handle/ Accept Legal Correspondence
(Summons, Subpoenas, Civil Actions)

In accordance with Mayor's Order 2004-77, dated May 14, 2004, the memorandum serves to notify the Office of the Attorney General that the employees named below are, herewith, designated to received legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007.

- Tabatha Braxton, Staff Assistant, Office of the Secretary
- Arlethia Thompson, Executive Assistant, Office of the Secretary
- Erica Easter, Chief of Staff, Office of the Secretary

Should you have any questions, please do not hesitate to contact me. I can be reached at (202) 727-6306.

Cc:  The Mayor's Correspondence Unit
Peter Nickels, General Counsel to the Mayor
Linda Singer, Attorney General